# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TOUSSAINT KIRKLAND, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 17-cv-02593 (APM) |
| WARDEN BALTAZAR, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

**I.     INTRODUCTION**

Petitioner Toussaint Kirkland, proceeding pro se, seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner contends that he was denied his Sixth Amendment right to effective assistance of counsel on appeal of his conviction to the D.C. Court of Appeals. The court need not reach the merits of Petitioner's claim, however, because the Petition is untimely. Accordingly, the Petition is dismissed.

**II.    BACKGROUND**

    **A.     Factual Background**

On May 25, 2011, a grand jury indicted Petitioner on felony charges of aggravated assault while armed, assault with a dangerous weapon, and assault with significant bodily injury. United States' Opp'n to Def.'s Pet. under 28 U.S.C. § 2254 for Writ of Habeas Corpus, ECF No. 15 [hereinafter U.S. Opp'n], at 2; U.S. Opp'n, Ex. A, D.C. Superior Ct. Order [hereinafter D.C. Sup. Ct. Order], at 6. The charges arose out of an incident in which Petitioner was accused of grabbing a woman who approached him while he sat inside a car, punching her in the face, dragging her as

he drove for a short distance, and then releasing and running over her.  U.S. Opp'n, Ex. B, D.C. Court of Appeals Mem. Op. & J. [hereinafter DCCA Mem. Op. & J.], at 1.  Petitioner proceeded to trial in D.C. Superior Court, but on October 19, 2011, the very first day of the proceedings, Petitioner absconded before the start of jury selection.  D.C. Sup. Ct. Order at 8.  More than a year later, on October 26, 2012, after his re-arrest, Petitioner pleaded guilty to Aggravated Assault While Armed and a felony Bail Reform Act violation.  *Id*. at 9.

Petitioner thereafter attempted to undo his conviction.  On October 9, 2013—almost a year after his plea but *before* sentencing—Petitioner filed a "Motion to Obligate the Government to Re-Extend Prior Plea Offer Due to Ineffective Assistance of Counsel in Connection with Plea-Bargaining Process and Motion to Withdraw Guilty Plea."  *Id.* at 1.  In that motion, Petitioner claimed that he had received ineffective assistance of counsel because his trial attorney had failed to adequately apprise him of the terms and conditions of the government's pre- and post-indictment plea offers.  *Id.*  The trial court held a hearing on Petitioner's ineffectiveness claim, but ultimately rejected it.  *See generally* D.C. Sup. Ct. Order.  The court sentenced Petitioner to 156 months of incarceration on the Aggravated Assault While Armed charge and an additional 24-month consecutive sentence on the Bail Reform Act violation.  DCCA Mem. Op. & J. at 2.

Petitioner then filed a timely appeal on June 2, 2014.  U.S. Opp'n at 3.  The D.C. Court of Appeals affirmed the trial court's denial of Petitioner's ineffectiveness claim on July 23, 2015.  *See* DCCA Mem. Op. & J. at 8.  Petitioner then filed for a writ of certiorari to appeal his claim to the U.S. Supreme Court, which the Court denied on January 19, 2016.  *See Kirkland v. United States*, 136 S. Ct. 918 (2016).

Petitioner's efforts did not end at the Supreme Court.  On March 22, 2017, Petitioner filed a motion to recall the mandate with the D.C. Court of Appeals, the procedural device used in the

2

District of Columbia courts to challenge the effectiveness of appellate counsel.  U.S. Opp'n at 4; U.S. Opp'n, Ex. D, D.C. Court of Appeals Order.  Petitioner asserted that "appellate counsel provided ineffective assistance by failing to note facts that would illustrate plea counsel did not communicate a pre-indictment plea." *Id.* at 1.  The D.C. Court of Appeals denied the motion on August 29, 2017, finding that the record did not support Petitioner's claim. *Id*. at 1–2.

B. **Procedural Background**

Petitioner then proceeded to federal court.  On October 24, 2017, Petitioner initially filed the instant Petition under 28 U.S.C. § 2254 in the U.S. District Court for the Middle District of Pennsylvania.  *See* Pet. under 28 U.S.C. § 2254 for Writ of Habeas Corpus by Person in State Custody, ECF No. 1 [hereinafter Pet.], Mem. of Arg. in Supp. of 28 U.S.C. § 2254 Mot., ECF No. 1-1 [hereinafter Pet.'s Mem.], at 1-2.[1]  The Middle District of Pennsylvania transferred the Petition to this court on December 5, 2017.  *See* Docket Entry, ECF No. 7.

The Petition asserted two grounds for relief: (1) "[t]rial counsel was ineffective in failing to relay [a] favorable plea offer," and (2) "[a]ppellate counsel was ineffective in failing to highlight facts weighing in Petitioner's favor, and failing to argue that his plea was involuntary."  Pet.'s Mem. at 2.  After the United States responded to the Petition, *see generally* U.S. Opp'n, Petitioner withdrew his ineffective assistance of trial counsel claim, acknowledging that "a D.C. Superior Court prisoner may not raise any claim in a § 2254 petition except ineffective assistance of appellate counsel."  Pet.'s Reply to Gov't's Opp'n, ECF No. 17 [hereinafter Pet.'s Reply], at 1.  Thus, all that remains of the Petition is the claim of ineffective assistance of appellate counsel.[2]

---

[1] Consistent with the "mailbox rule," *see Houston v. Lack*, 487 U.S. 266, 276 (1988), the court treats October 24, 2017, as the date on which Petitioner filed his motion under section 2254, as that is the date on which Petitioner claims to have sent the motion to the federal court in Pennsylvania.  *See* Pet. at 17.

[2] Petitioner also requests that the court "appoint counsel to assist him in this matter." Pet. Mem at 2.  The Criminal Justice Act, 18 U.S.C. § 3006A, confers on this court the authority to provide representation in habeas cases under 28

3

## III. LEGAL PRINCIPLES

Federal courts are authorized to issue a writ of habeas corpus "[o]n behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). While the D.C. Superior Court is considered a "State court" for purposes of section 2254, *see Head v. Wilson*, 792 F.3d 102, 106 n.3 (D.C. Cir. 2015), federal habeas review of D.C. Code offenders' convictions is quite circumscribed. Such review is limited because D.C. Code § 23-110 "gives the [S]uperior [C]ourt exclusive jurisdiction of virtually all collateral challenges." *Head*, 792 F.3d at 104. The D.C. Circuit, however, has recognized an exception to this general bar on habeas review for the type of claim raised in this case: ineffective assistance of *appellate* counsel. *See id.* at 105–06; *accord Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) (holding that D.C. Superior Court defendants are not precluded under § 23-110 from bringing claims in federal court for ineffective assistance of appellate counsel).

A D.C. Code offender who seeks to collaterally attack his conviction through such an ineffectiveness claim nevertheless must comply with the procedural rules of the federal Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. *See Head*, 792 F.3d at 106. That includes AEDPA's one-year limitations period. *See* 28 U.S.C. § 2244(d)(1); *Blount v. United States*, 860 F.3d 732, 737 (D.C. Cir. 2017). All parties agree that, for purposes of this case, AEDPA's one-year clock starts to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

---

U.S.C. § 2254 if "the interest of justice so require[s.]" 18 U.S.C. § 3006A(a)(2)(B). *See also Al Odah v. United States*, 346 F. Supp. 2d 1, 7–8 (D.D.C. 2004). As Petitioner's motion is untimely, the court denies the request.

seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3] AEDPA contains a statutory tolling provision that stops the clock while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). Equitable tolling also may be applicable. *See Blount*, 860 F.3d at 737.

## IV. DISCUSSION

The United States asserts that Petitioner's demand for habeas relief is untimely, as he filed it beyond the one-year limitations period. *See generally* U.S. Opp'n. The court agrees.

### A. The Petition is Untimely

Petitioner's limitations period began to run on January 19, 2016, when the Supreme Court declined to review his conviction on direct appeal. *See, e.g., Blount*, 860 F.3d at 737 ("[Petitioner's] limitations period began to run on January 11, 2005, when time expired for seeking Supreme Court review in the direct appeal of his conviction."). AEDPA's one-year limitations period therefore expired on January 20, 2017. Yet Petitioner did not file his section 2254 motion until nine months later, on October 24, 2017. That filing clearly was out of time.

AEDPA's statutory tolling provision cannot save Petitioner's late filing. Petitioner did not file a "properly filed application for State post-conviction or other collateral review"—i.e., the motion to recall the mandate in the D.C. Court of Appeals—until March 22, 2017, more than a year after the Supreme Court denied certiorari. Thus, the limitations period never tolled before the expiration of one year. The Petition is therefore untimely.

---

[3] AEDPA's other start dates for the one-year limitations period do not apply in this case. *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

B. **Petitioner's Arguments**

Petitioner raises two arguments to support his assertion that the limitations period has not expired. The first is unsupported as a factual matter, and the second is inaccurate as a matter of law.

1. *Tolling*

Petitioner first claims that the one-year period in fact did toll. Pet.'s Reply at 2. By sworn affidavit, he claims to have first deposited the motion to recall the mandate in the prison mailbox on January 6, *2016*—not 2017—but that this motion never made it to court. *Id.* at 3. He further asserts that he called a friend on or about February 24, *2016*—again, not 2017—to inquire about the motion to recall the mandate, and discovered that there was no motion on the docket. *Id.* Petitioner asserts that immediately thereafter, he submitted another motion, which he mailed in the beginning of March *2016*. *Id*. Based on this timeline, he claims that the limitations period tolled, making his habeas Petition timely. *Id.* at 2.

Petitioner is correct that under the "prison mailbox rule" a prisoner's pleading is deemed filed when it is delivered to prison authorities to be mailed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Additionally, an affidavit, as Petitioner offers here, generally suffices as proof of the date of filing. *E.g.*, *In re Williams*, 759 F.3d 66, 69 (D.C. Cir. 2014) (holding that prisoner "ha[d] offered proof of filing that complies with the prison mailbox rule, rendering the filing timely at the time it was made" through the submission of an affidavit).

But Petitioner is not correct about the date on which he placed the motion to recall the mandate in the prison mail. A court need not accept a prisoner's affidavit as true in the face of clear contrary evidence. *Cf. Blount*, 860 F.3d at 735, 741 (refusing to accept a date as the "proper filing date" in part because the proposed date was refuted by the public record). Here, the court

obtained from the D.C. Court of Appeals a copy of Petitioner's original filed motion to recall the mandate, which is attached as Exhibit A. *Cf. Marshall Cty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1228 (D.C. Cir. 1993) (stating that a court may look to the record of another proceeding "to avoid unnecessary proceedings when an undisputed fact on the public record makes it clear that the plaintiff does not state a claim upon which relief could be granted"). The filing makes clear that Petitioner delivered it to the prison mailroom on March 22, 2017—as attested by both Petitioner and a notary—not in January or March of 2016. Petitioner thus appears to have confused the year in which he filed the motion to recall the mandate. Having filed his motion with the D.C. Court of Appeals more than a year after the end of direct review of his conviction, Petitioner cannot benefit from AEDPA's statutory tolling provision.[4]

### 2. *Finality*

Next, Petitioner argues that his conviction did not become final until the denial of his motion to recall the mandate on August 29, 2017, and thus the limitations period did not start to run until that date. Pet.'s Reply at 1 ("Given the procedural structure of collateral review in the District of Columbia Judicial system, the denial of a motion to recall the mandate is the final judgment for purposes of 28 U.S.C. § 2254 & § 2244(d)."). That argument, however, is squarely foreclosed by precedent. In *Blount*, the petitioner made a similar argument, contending that the D.C. Court of Appeals "reopened" direct review when it considered, though ultimately rejected, his motion to recall the mandate. *See* 860 F.3d at 737–38. The D.C. Circuit held that, because the D.C. Court of Appeals denied the motion to recall the mandate, direct review never reopened to restart AEDPA's one-year limitations period. *See id.* So it is here. The D.C. Court of Appeals

---

[4] Petitioner refers to "equitable tolling" in his reply brief, *see* Pet.'s Reply at 1, but only makes a statutory tolling argument. Not having identified any "extraordinary circumstance[s]" that would warrant application of equitable tolling, the court declines to do so. *Head*, 792 F.3d at 106.

7

denied Petitioner's motion to recall the mandate. Direct review never reopened. Therefore, the limitations period began to run upon "the conclusion of direct review," 28 U.S.C. § 2244(d)(1)(A), when the Supreme Court denied certiorari, *cf. Blount*, 860 F.3d at 737.

Because Petitioner waited more than a year after his state-court judgment became final to file his motion under section 2254, his Petition is untimely.

## V. CONCLUSION

This action for a writ of habeas corpus is time-barred under AEDPA's one-year limitations period, and the circumstances support neither statutory nor equitable tolling. Accordingly, the Petition is dismissed.

A separate final order accompanies this Memorandum Opinion. The accompanying order addresses whether the court will issue a certificate of appealability. *See* Rule 11(a), Rules Governing Section 2254 Cases.

Dated: October 11, 2018

Amit P. Mehta
United States District Judge